**Opinion issued November 27, 2018**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-17-00603-CV

———————————

**TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellant**

**V.**

**JOHN BRYAN MARSHALL, Appellee**

---

**On Appeal from the County Court at Law No. 5**
**Fort Bend County, Texas**
**Trial Court Case No. 17-CCV-059408**

---

## CONCURRING OPINION

The result here is correct under the law; therefore, I concur in the Court's

opinion. But the result is also unfortunate and demands a discussion of ways this

problem could be cured so that a person who may be a threat to family members and

pleads guilty to misdemeanor assault by contact cannot purchase a handgun. I write separately to offer some suggestions.

First, prosecutors who negotiate a plea for a reduced charge of assault by contact could make a statement on the record identifying the person against whom the assault was committed followed by the defendant's acknowledgement. Or second, prosecutors, as part of the plea, could insist that the defendant acknowledge on the record the commission of a misdemeanor crime of domestic violence and resulting disqualification under federal law to purchase a handgun. This case is an object lesson that prosecutors must consider gun-license statutes at the time of the plea and that the Department must make a record to show that the individual is ineligible. I urge prosecutors to consider these and other possible solutions to this important issue.

Harvey Brown
Justice

Panel consists of Chief Justice Radack and Justices Brown and Caughey.

Justice Brown, concurring in the opinion.

2